IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

THOMAS E. ROBERTSON, JR.,
in his capacity as United States Bankruptcy
Trustee                                                                                                    PLAINTIFF

V.                              NO.  2:08-cv-02007-RTD

FRED E. STOOPS., RICHARD D. MARR,
and RICHARDSON, STOOPS, RICHARDSON
& WARD, P.C. an Oklahoma Professional Corporation                      DEFENDANT

O R D E R

Before the court is the Plaintiff's Motion to Quash the Deposition (Doc. 19) filed on December 12, 2008 of Eric Soller who represented Mary Ross in a bankruptcy proceeding.  The Defendant filed no Response.

The Plaintiff stated in his Motion that the "Plaintiff believes that Defendants seek to obtain testimony from Mr. Soller related to his representation of Ms. Ross".  The Plaintiff asserts that the testimony of Mr. Soller is protected by the attorney-client privilege.

The privilege applies first to only confidential communications.  The Arkansas Rules of Evidence provide that "a communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of profession legal services to the client or those reasonably necessary for the transmission of the communication".  Ark. Rules of Evidence, Rule 502(a)(5).

The attorney-client privilege extends to statements made by the attorney and the client, each to the other. *Kinkead v. Union Nat. Bank*, 51 Ark. App. 4, 907 S.W.2d 154 (1995)

The privilege secondly may be waived.  The privilege attached to a confidential communication under Rule 502 is held by the client, and that privilege may be waived. See

*Poyner v. State*, 288 Ark. 402, 705 S.W.2d 882 (1986). *Holt v. McCastlain* 357 Ark. 455, 463, 182 S.W.3d 112, 117 (Ark.,2004)

The privilege thirdly is subject to certain statutory exceptions that prevail even when the communication does constitute a confidential one. Ark. Rules of Evidence, Rule 502(d)

The court cannot tell what questions the Defendant intends to ask Mr. Ross and it is clear that the Plaintiff only "believes" that the Defendant may ask such questions.

While the effort to take the examination of Mr. Soller may be an exercise in futility the court cannot say at this time that the Defendant does not have the right to take the deposition and the Motion to Quash the Notice of Deposition of Eric Soller is **DENIED**.

IT IS SO ORDERED this December 22, 2008.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE